LOLLEY, J.
 

 | ^Defendant, Charles Allen Abbitt, appeals the grant of a protective order by the First Judicial District Court, Parish of Caddo, State of Louisiana, against him and in favor of plaintiff, Meghann Gill Clayton and her minor children. For the following reasons, we reverse.
 

 FACTS
 

 Zane Abbitt and Meghann Clayton have two minor children together, B.A. and M.A. Eventually the couple separated and agreed to joint custody of the children. However, Meghann filed, on behalf of herself and the children, a Petition for a Protective Order against Zane’s father, Charles Abbitt, based on allegations of inappropriate conduct with the children. The protective order was granted on February 28, 2007 and expired August 27, 2008. On September 5, 2008, Meghann refiled a second Petition for a Protective Order pursuant to La. R.S. 46:2131
 
 et seq.,
 
 and La. R.S. 46:2151. On September 23, 2008, after the trial had ended, the tidal court granted the second protective order. This appeal by Charles ensued.
 

 LAW AND DISCUSSION
 

 We review domestic protective orders for abuse of discretion.
 
 Culp v. Culp,
 
 42,239 (La.App.2d Cir.06/20/07), 960 So.2d 1279. Here, there were no new allegations nor new evidence that Charles had acted inappropriately with his grandchildren. In fact, there was evidence to the contrary as indicated by the report from the psychologist Dr. Susan Vigen where she found that the children wanted to see Charles, and there were no signs that Charles was ever inappropriate with them.
 

 |2The trial court made much of the fact that Meghann was not informed about Dr. Vigen’s interview with the children; however, we find this to be of no consequence. Whether she was informed or not does not have an effect on the issue at hand. In addition, we find that the trial court erred
 
 *514
 
 in its reliance on a statement made by Charles after the trial was over without being given an opportunity to explain his statement. We find that the record contains insufficient evidence to support the issuance of a protective order, and therefore reverse the trial court’s decision. In light of our findings, we pretermit a discussion of whether Charles is a member of the class of people whom a protective order may be issued against.
 

 CONCLUSION
 

 For the foregoing reasons, we reverse the trial court’s grant of a protective order against Charles Abbitt. Costs of this appeal are assessed against Meghann Clayton.
 

 REVERSED.