BROWN, Chief Judge.
 

 1T Defendant, Ryan M. Coy, has appealed from a judgment granting a protective order under the provisions of La. R.S. 46:2131, et seq. For the following reasons we reverse.
 

 Facts and Procedural Background
 

 Plaintiff, Chasity Coy, and defendant, Ryan Coy, were married on February 1, 2010. A child, (“M.C.”), was born on June 15, 2010. M.C. was born prematurely and has a respiratory condition due to her premature birth. The parties separated, and Ryan filed for divorce on February 14, 2011; their divorce action is pending.
 

 On November 15, 2010, Chasity filed a petition for a protective order against Ryan. In the petition, Chasity alleged that Ryan’s threats to take “the only working vehicle in the household” constituted abuse because it was needed to take M.C. to her doctor appointments. The trial court denied the petition because the allegations did not meet the requirements for the issuance of a protective order under La. R.S. 46:2131, et seq.
 

 Chasity filed another petition for a protective order on December 21, 2010; this time, she alleged that the abuse was telephone harassment by Ryan, who had made repeated phone calls and sent text messages to her. Once again, the petition contained no allegations of physical abuse and no threats against her or the child. The trial court again denied the requested relief, noting that the petition failed to contain allegations that would justify a protective order.
 

 On January 4, 2011, Chasity filed a third petition seeking a protective order. She reasserted the allegations of harassing phone calls and text 12messages in addition to including details of a more recent phone call. Regarding the most recent telephone call, the police arrested Ryan, apparently for a violation of La. R.S. 14:285, which provides in part that it is illegal to make repeated telephone communications in a manner reasonably expected to annoy, abuse, torment, harass, embarrass, or offend another. The record does not show that he was ever convicted.
 

 The trial court held a hearing concerning this third petition for a protective order. Both parties participated in this hearing without attorneys. Chasity made an oral statement concerning the allegations in her petition, and Ryan questioned three witnesses including his mother, a former roommate, and a friend; Chasity also asked questions of these witnesses. Ryan then made a statement concerning the allegations made by Chasity.
 

 At the hearing, Chasity stated that Ryan had repeatedly text-messaged her, called her, and left several “harassing voice mails.” Chasity showed the trial court the text messages, and the judge stated that they appeared to only be communications concerning the whereabouts and well-being of the parties’ daughter. Chasity also showed the trial judge documentation as to the number of phone calls that Ryan had made. When the judge asked for records of the voicemails allegedly left by Ryan, Chasity could not produce them, and the judge told her that he could not consider them in making his ruling. Neither in her petition nor at the hearing did Chasity ever make a single allegation of physical abuse.
 

 Each of Ryan’s witnesses testified that he has no violent history and is not an
 
 *1272
 
 abusive person. No one testified about any alleged abusive acts |3from which Chasity was seeking protection. During his statement, Ryan was asked by the trial judge about the phone calls and text messages. Ryan testified that he was only trying to find out about his daughter, but admitted that the number of calls he made may have been excessive. The trial judge noted that the “hurdle” had been cleared by the excessiveness of the phone calls. At that time, the trial judge issued his ruling granting Chasity’s request for a protective order. No evidence of physical abuse was ever produced. No written reasons were provided by the judge. The ruling was apparently based on the excessive amounts of phone calls made by Ryan Coy. It is from this judgment that Ryan has appealed.
 

 Discussion
 

 The purpose of the Domestic Abuse Assistance Statutes, La. R.S. 46:2131, et seq., is to provide relief to victims of domestic violence by establishing a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection. Domestic Abuse includes, but is not limited to physical or sexual abuse, and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another. La. R.S. 46:2132(3). La. R.S. 46:2136 provides for the entry of a protective order in cases of domestic abuse. Protective orders are reviewed for abuse of discretion.
 
 Clayton v. Abbitt,
 
 44,427 (La.App.2d Cir.07/01/09), 16 So.3d 512.
 

 This court has addressed the issue of whether nonphysical, domestic abuse is covered by La. R.S. 46:2131, et seq. In
 
 Culp v. Culp,
 
 42,239 (La.App.2d4 Cir.06/20/07), 960 So.2d 1279, we held that the definition of domestic abuse under La. R.S. 46:2132
 
 does not
 
 include general harassment. In
 
 Culp,
 
 960 So.2d at 1282-3, this court stated:
 

 La. R.S. 46:2131, et seq., provides protection in the form of TROs and protective orders for persons subject to domestic abuse. Domestic abuse is further defined by La. R.S. 46:2132(3), in pertinent part as:
 

 includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another.
 

 Family arguments that do not rise to the threshold of physical or sexual abuse of violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Law.
 
 Rouyea, supra
 
 [808 So.2d 558 (La.App. 1 Cir.2001) ]; Harper v. Harper, 537 So.2d 282 (La.App. 4th Cir.1988).
 

 Plaintiff emphasizes that the definition uses the phrase “includes, but is not limited to” and argues that this language expands the scope of domestic abuse to include general harassment. We disagree. We are mindful that the courts could quickly be overwhelmed if every unpleasant child custody exchange or contentious relationship between former spouses warranted a TRO or protective order. The kind of parent bickering and child manipulation that the record reflects occurring between the parents in the case
 
 sub judice
 
 is simply beyond the scope of this statute. La. R.S. 46:2131 emphasizes that the purpose of the statute is to equalize the treatment of crimes between family members and
 
 *1273
 
 those between strangers. It further emphasizes the need to protect victims from violent behavior. Those purposes reflect that the D.A.A. has limited reach. We cannot agree, therefore, that the statute embodies Plaintiffs claims of general harassment by Defendant, nor do the Defendant’s actions as contained in the record constitute an offense against the person as defined by the Criminal Code.
 

 In
 
 Fontenot v. Newcomer,
 
 10-1530 (La.App. 3d Cir.05/04/11), 63 So.3d 1149, the Third Circuit held that “domestic abuse” justifying a protective order under La. R.S. 46:2131 is not satisfied by Lgeneral harassment not constituting an offense against the person as defined by the Criminal Code. In
 
 Fontenot,
 
 the evidence showed that the defendants followed the plaintiff and her children around town, attended the children’s basketball games, and drove by the children’s school. They occasionally parked behind the plaintiff in parking lots, blocking her from leaving. The record contained no evidence of physical abuse. The Third Circuit agreed with this Court’s decision in
 
 Culp, supra,
 
 and held that the lower court abused its discretion in issuing a protective order.
 

 At the hearing in the case
 
 sub judice,
 
 no evidence of physical domestic abuse was presented. In fact, there were no allegations of physical abuse made. At the hearing, the lower court acknowledged that Ryan was only attempting to find out about his child’s health, whereabouts, etc. Nowhere in the record does the trial court make a finding that any domestic abuse occurred. The lower court only found that Ryan made an excessive amount of telephone calls to Chasity concerning their child.
 

 We find that the types of phone calls and text messages that Ryan Coy was making and sending are only general harassment, and thus do not constitute not domestic abuse as defined by La. R.S. 46:2132(3). Therefore, the trial court abused its discretion when it granted the protective order.
 

 Conclusion
 

 For the reasons set forth above, the judgment issuing the protective order against Ryan M. Coy is reversed. REVERSED.