DREW, J.
|, John Shirley appeals the trial court’s concurrence in and approval of a hearing officer’s issuance of a temporary restraining order (“TRO”) against him for the protection of his ex-wife, Monica Shirley.
Both parties appealed to the trial court, which heard the case de novo and approved the actions of the hearing officer in all respects. After examining these consolidated records, and even though we recognize the potential mootness of our ruling, we nonetheless affirm the actions of the trial court.
PROCEDURAL HISTORY
On August 4, 2011, Monica filed a petition for protection from abuse, claiming that John threatened telephonically to “burn down the house with her and their children in it before he would give her a dollar of his money.” She also claims that John threatened in the same conversation to “have a crack whore kill her and no one would miss her.”
A TRO was issued against John, with various extensions, expiring either:
• on September 19, 2011, as set by the terms of the trial court judgment; or
• on October 31, 2011, as set by the trial court at the conclusion of the de novo hearing.
At any rate, the judgment memorializing the court’s ruling was not signed until November 29, 2011, at which point the TRO had already expired.
John filed an opposition to the petition for protection from abuse while concurrently filing a motion to dissolve the petition and rescind the 12order, because of the numerous alleged inaccuracies in Monica’s application. Monica complained that the duration of the restraining order was too brief.
At the hearing before the district court on September 19, 2011, Monica recounted the two threats and also produced Leslie Toops, who heard the phone conversation over speakerphone. Toops corroborated Monica’s story.
During this same hearing, Monica asserted that John had a drinking problem and had physically abused her in the past. John denied this, but also added that even if some of Monica’s claims were true, they did not meet the threshold for issuance of a protective order.
The trial court reviewed the testimony in great detail, and ruled that John’s actions amounted to an assault and justified issuance of the order. The trial court affirmed the actions of the hearing officer in all respects.
*101 It is not necessary for this court to decide whether or not a criminal conviction for an assault could have been sustained under these facts. We find that the trial court’s protective order was justified because of John’s apparent violations of La. R.S. 14:40.3, Cyberstalking, and La. R.S. 14:285, Telephone Harassment.
TESTIMONY
John Shirley testified that:
• Monica called him on July 26, 2011, to discuss financial issues, asking for funds so that she and their children could extend their Florida vacation;
• During the phone call, she was in Destín, Florida; he was in West Monroe, Louisiana;
la* he made neither threat;
• several text messages that occurred after the phone call reflect that Monica was not in fear of him;
• he never abused his wife and never threatened to do so;
• in particular, he never beat her and never put out a cigar on her back;
• the scar claimed by Monica was caused by skin cancer removal; and
• Leslie Toops is Monica’s friend and untruthfully confirmed Monica’s story.
Monica Shirley testified that:
• John had a drinking problem and at times drank up to a case of beer a day, resulting in several abusive episodes;
• he once dragged her by her hair and struck her head with a cookie sheet;
• she was afraid for her and her children after the threats by telephone;
• these threats, coupled with the past abuse, made her very fearful of John; and
• the scar on her back was indeed from a cigar burn by John.
Leslie Toops testified that she heard the threats over a speaker phone.
For his horrendous behavior, John was not charged with committing a crime, though it appears from this record that probable cause certainly existed that he violated subsections (1) and (5) of La. R.S. 14:285.
Additionally, probable cause was probably shown that John violated subsections (1), (2), and (4) of the cyberstalking statute, contrary to La. R.S. 14:40.3.
Domestic abuse, under La. R.S. 46:2131, et seq., applies to physical or sexual abuse against the person; it does not apply to negligent injury and defamation; it includes acts by one family member or household member | ^committed against another family member or household member.
La. R.S. 46:2136 has protective order provisions, but these protections may be inapplicable to phone calls that are merely harassing. See Coy v. Coy, 46,655 (La.App.2d Cir.7/13/11), 69 So.3d 1270.
Family arguments that do not rise to the threshold of physical or sexual abuse of violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Law. See Culp v. Culp, 42,239 (La.App.2d Cir.6/20/07), 960 So.2d 1279. Also see, Rouyea v. Rouyea, 2000-2613 (La.App.1st Cir.3/28/01), 808 So.2d 558.
Nonetheless, John’s two telephonic threats were far more than mere harassment. His words were undoubtedly terrifying. Worse, the threats involved what he proposed to do to Monica and to their children. Under these facts, we cannot imagine a hearing officer not issuing the order.
John’s sworn testimony that he did not recall admitting in a deposition that he ever made these threats rings hollow. This testimony is patently absurd. No human could forget having made or having not made or having admitted making those *102 coarse, vicious, and alarming threats concerning his wife and children.
The appellate courts do not make credibility determinations. That is the function of the trial court.
In this proceeding, the trial court had the opportunity to hear testimony and to evaluate the credibility of each witness. The trial court apparently believed Monica and Ms. Toops. The court apparently discounted John’s murky and slippery version of the facts. We discern no | r,abuse of discretion in the trial court’s factual findings or in its legal ruling that affirmed the actions of the hearing officer.
We affirm the trial court in its finding that the hearing officer’s actions were justified. We find that the rulings below were made in full accord with the spirit and the letter of our laws designed to protect the victims of domestic violence.
We assess all court costs against John Shirley.
DECREE
At the sole cost of John Shirley, the judgment is AFFIRMED.