Judgment rendered March 4, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,386-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

TINASHA RICHARDSON                          Plaintiff-Appellee

versus

DESTINY WINDER                              Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 617958

Honorable Michael Pitman, Judge

* * * * *

DESTINY WINDER                              In Proper Person,
                                            Appellant


TINASHA RICHARDSON                          In Proper Person,
                                            Appellee



* * * * *

Before WILLIAMS, STEPHENS, and McCALLUM, JJ.

**WILLIAMS, C.J.**

The instant appeal was filed by the defendant, Destiny Winder, from the trial court's grant of a protective order in favor of the plaintiff, Tinasha Richardson. Finding no abuse of discretion on the part of the trial court, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Both of the parties in this case are residents of Caddo Parish. On July 18, 2019, Tinasha Richardson ("Tinasha") filed a petition for protection pursuant to La. R.S. 46:2171, *et seq.* (Louisiana's Protection from Stalking Act). In her petition, Tinasha alleged that Destiny Winder ("Destiny") had intentionally and repeatedly engaged in behaviors that caused her to be alarmed or suffer emotional distress, such as, following and harassing her; appearing uninvited at her workplace and other places; stalking, harming/threatening to harm her; and making threatening public posts to social media.[1]

Based on the petition, the trial court granted a temporary restraining order and ruled Destiny to appear in court on August 6, 2019, to show cause why a protective order should not issue. Approximately a week later, on July 24, 2019, Destiny filed a petition for protection, claiming that Tinasha, who is married to her minor daughter's father, has stalked and threatened Destiny and the child "non-stop" since the child's birth on August 17, 2015. Although the trial court declined to issue a temporary restraining order, Destiny's petition also was set for hearing on August 6, 2019.

---

[1] Screenshots of two Facebook posts allegedly made by Destiny, one on May 6, 2019, and the other on July 13, 2019, were attached to Tinasha's petition for protection.

Tinasha and Destiny appeared for the show cause hearing before the trial court on August 6, 2019. Neither party was represented by counsel. After considering the evidence presented by both parties, the trial court found that Tinasha met the requisite burden of proof, but Destiny did not; therefore, the court only issued the protective order sought by Tinasha.

Destiny has appealed from the trial court's grant of a protective order in favor of Tinasha.[2]

## DISCUSSION

Destiny filed a pro se brief in which she argued that the protective order against her was erroneously issued because the trial judge disregarded the testimony she presented, failed to consider a lack of evidence from Tinasha and, accepted as credible "uncorroborated, hearsay" testimony from Tinasha.[3]

A trial court's decision to grant or deny a protective order will not be reversed on appeal absent an abuse of discretion. *Coy v. Coy*, 46,655 (La. App. 2 Cir. 7/13/11), 69 So. 3d 1270; *Culp v. Culp*, 42,239 (La. App. 2 Cir. 6/20/07), 960 So. 2d 1279, *writ not considered*, 07-1836 (La. 10/5/07), 964 So. 2d 378; *Craig v. Bishop*, 19-166 (La. App. 3 Cir. 10/23/19), 283 So. 3d 521; *Pellerano v. Pellerano*, 17-302 (La. App. 1 Cir. 4/12/19), 275 So. 3d 947, *writ denied*, 19-0756 (La. 9/17/19), 279 So. 3d 379. The trial court, sitting as the trier of fact, is in the best position to evaluate the demeanor of the witnesses, and its credibility determinations will not be disturbed on appeal absent manifest error. *Id.*

---

[2] Destiny has not appealed from the trial court's denial of her request for a protective order.

[3] Tinasha did not file an appellate brief.

At the show cause hearing, the trial court first took up Tinasha's request for a protective order. The judge explained that Tinasha, as the petitioner, would bear the burden of proving sufficient grounds for him to issue a protective order against Destiny.

Tinasha testified that the harassing behavior, which sometimes took place in front of her children, included Destiny waiting for her to get off work, then speeding up behind Tinasha in her (Destiny's) car as if she were going to hit Tinasha's vehicle; following and videotaping Tinasha "everywhere" she goes; parking her car in the lot of Tinasha's workplace so much that her boss asked her to start bringing her lunch to work so Tinasha could avoid confrontation/contact with Destiny; and making threats that she is going to beat Tinasha up and bash in her head. Tinasha testified about a specific incident involving such threats by Destiny at the Family Dollar store when Tinasha had gone to shop.

Tinasha also introduced into evidence screenshots of two threatening posts on her Facebook page alleged to have been posted by Destiny. The trial judge read the posts aloud[4] and asked Destiny whether she had made

---

[4] **Destiny Henderson**
**May 6 (2019) at 1:09 p.m.**
Tinasha girl stop playing on my job phone .. real talk cause u still wanna play games but little do u know that was my manager that answered that phone while ya'll taking bout ya'll from ace loan .. Google the number old dumb ass girl . And I send all that to your husband .. b*tch you still worried bout me why huh tell me that .. but you pose to be so f*cking smart …. So u wanna start harassing huh I got some for that play with me cause u shole can get your second ass whooping.

**Destiny Henderson**
**July 13 (2019) at 3:33 a.m.**
I see im still ON you b*tches mind u gotta trow ya lil middle finger up when u pass by riding with your n*gg* but won't pump the breaks for sh*t stop hoe u feeling Froggie then JUMP BUT WE KNOW U AINT .. AND DIDN'T U SEE ME IN THE DOLLAR STORE YESTERDAY AND WALKED YA ASS RIGHT BACK OUT WITH THE QUICKNESS BABY GIRL STOP TRYING TO PICK CAUSE U KNOW HOW THESE HANDS COMING Already .. HONESTLY YOU WAS SPARED THE FIRST TIME AND DIDN'T GET UR FULL ASS WHIPPING BUT WAS OVER THERE

3

them.  Destiny admitted that she had made the posts and acknowledged that they were both inappropriate, but excused her actions as angry responses to behaviors on the part of Tinasha and Roderick (the father of Destiny's child who is now married to Tinasha).

The trial judge gave Destiny a chance to rebut Tinasha's testimony. Destiny stated that she has not followed Tinasha.  Instead, she explained that the two women live right around the corner from each other.  Also, she denied ever trying to hit Tinasha's car.  Furthermore, the other incidents that Tinasha claimed were "stalking" were Tinasha "trying to turn it around on her."  Destiny testified that she was driving somewhere whenever Tinasha would say that Destiny was stalking her.  Tinasha would also claim that Destiny was in a parking lot to stalk or harass Tinasha when Destiny's car would be in the lot because she was shopping, taking her kids to the dentist, or going to another place in the shopping center.

Destiny also called as a witness Breanica Smith, who was working at Family Dollar on July 11, 2019.  According to Ms. Smith, Destiny and her family were in the back near the groceries, and Tinasha was in another area of the store.  When Tinasha heard Destiny's voice, Tinasha left the store. Ms. Smith stated that the two women did not say anything to each other while at the store.[5]

 When Destiny sought to offer notarized statements in further support of her case, the trial court informed her that only live witness testimony

---

BLEEDING AND KNOTTED UP TRYING TO PRESS CHARGES ON ME SO STUP GUL IM TELLIN U NOW . . . THAT B*TCH YES U . . . TINASHA . . . GUL F*ck U U THE LEAST OF MY WORRIES STAY IN YOUR LANE HOE

[5] Destiny also had her manager at the Waffle House testify about a hang-up call allegedly made by someone at Tinasha's alleged place of employment to Destiny's workplace.

4

would be allowed.  When the trial court gave Destiny an opportunity to further address the court, Destiny stated:

> I would like to say that I feel like something needs to be done regarding the situation.  It's fine that she can keep her protective order. . . . Yeah, I posted that post, . . the two posts, but I don't bother her anyway.  But I have stuff that I could have been filed on them harassing me . . . I have two binders full of stuff and pictures and evidence that I could have been filed, but because I'm not with the drama and the mess, I haven't.
>
> You know, the only person I have to deal with is my daughter's father, not her. . . . And every (sic) since she's moved back here, it's been non-stop drama.  I have never been in so much court in my life until now dealing with her, you know.  I can admit that I posted those posts, but that's because I'm very angry. . . .
>
> So I just want to state that I do not harass her.  You know, I do have video proof of the – I did video her when we was at Pizza Hut, because I was already there. . . . I feel as if when she saw me right there, then [she] knew not to come in the parking lot right then, knowing that [she] filed a restraining order on me.  So yeah, I did video it, and I've made a report as well . . . I've never attempted to hit her car, I've never followed her or anything, so I don't know where all those incidents or whatever she's talking about are coming from.

At that time, the trial court stated that it found that the totality of the evidence established sufficient grounds to issue the protective order sought by Tinasha.  The trial court found particularly compelling Destiny's admission that she made the Facebook posts, which contained "very threatening language."

The trial court then allowed Destiny the opportunity to present evidence in support of her petition for a protective order.  However, finding that Destiny failed to provide any specific evidence of threatening behavior on the part of Tinasha sufficient to meet Destiny's burden of proof, the trial court denied Destiny's request for the protective order.

5

There is no merit to any of Destiny's assignments of error. The trial court considered all of the evidence presented by the parties prior to making its decision in this matter. We note that the Facebook posts made by Destiny not only contain threats of physical violence, they allude to at least one past violent encounter between the two women. The record, including Destiny's own evidence, shows that Tinasha was taking steps to avoid further conflict or confrontations between the two women. Since Tinasha has married the father of Destiny's child, then necessarily the parties will have to put aside their petty differences for the best interest of the child. Under the facts and circumstances of this case, there is no abuse of the trial court's discretion in its decision to grant Tinasha's petition for protective order.

## CONCLUSION

The judgment of the trial court is affirmed. Costs are assessed to the defendant, Destiny Winder.

**AFFIRMED.**