Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,152-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SHELBY TRUELOVE                                    Plaintiff-Appellee

versus

CALLIE ISAACS                                      Defendant-Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 172,621

Honorable Charles A. Smith, Judge

* * * * *

OFFICES OF PHILLIP B. ADAMS, LLC          Counsel for Appellant
By:  Phillip B. Adams

SHELBY TRUELOVE                           In Proper Person,
                                          Plaintiff-Appellee

* * * * *

Before STONE, ROBINSON, and ELLENDER, JJ.

**ROBINSON, J.**

Callie Isaacs ("Isaacs") appeals the trial court's May 16, 2024, granting of 6-month protective order against her and in favor of Shelby Truelove ("Truelove"), against Isaacs.

For the reasons set forth below, we AFFIRM.

### FACTS AND PROCEDURAL BACKGROUND

Truelove was formerly in a relationship with Isaacs' current husband, with whom they share a three-year-old child. The parties have been involved in a custody dispute and their interactions are often contentious, especially during custody exchanges. On March 26, 2024, Truelove filed a petition for protective order against Isaacs on behalf of both her and her minor child alleging stalking pursuant to La. R.S. 46:2171 and making the following claims:

> 1. Isaacs sent repeated text messages to Truelove on February 10, 2024, about harassment charges Isaacs claimed to have filed against Truelove, after Truelove told Isaacs to leave her alone.
>
> 2. Isaacs created a TikTok account in Truelove's name, posted pictures of Truelove, and messaged Truelove from the account. Truelove filed a police report regarding the situation on March 14, 2024.
>
> 3. Following a custody exchange on March 24, 2024, Isaacs and a female companion followed Truelove and her son, recording them. Truelove told Isaacs to leave her alone, but Isaacs kept following her. After putting her son in the vehicle and getting her phone to call for help, Isaacs grabbed her arm to take her phone away. The female companion continued filming after Truelove told them both to leave her and her son alone. Isaacs was arrested following the incident.
>
> 4. In a past incident on June 16, 2023, Isaacs made verbal threats in front of the minor child, acting like she was about to fight Truelove and telling her, "Come to East Texas. You don't know anyone there. You will find out."

A temporary restraining order was granted the same date Truelove filed the petition, and was effective through April 12, 2024.  An additional temporary restraining order was entered following a hearing on April 10, 2024, effective through May 17, 2024.  A hearing for the protective order was scheduled for May 15, 2024.  Truelove was present, but Isaacs did not appear.  The court continued the hearing, heard testimony from Truelove, and granted the protective order in full force and effect for six months.  Isaacs filed a motion for devolutive appeal, which was granted on July 2, 2024.

## DISCUSSION

A trial court's decision to grant or deny a protective order will not be reversed on appeal absent an abuse of discretion.  *Richardson v. Winder*, 53,386 (La. App. 2 Cir. 3/4/20), 293 So. 3d 1206; *Larremore v. Larremore*, 52,879 (La. App. 2 Cir. 9/25/19), 280 So. 3d 1282; *Shipp v. Callahan*, 47,928 (La. App. 2 Cir. 4/10/13), 113 So. 3d 454; *Coy v. Coy*, 46,655 (La. App. 2 Cir. 7/13/11), 69 So. 3d 1270; *Culp v. Culp*, 42,239 (La. App. 2 Cir. 6/20/07), 960 So. 2d 1279.  The trial court, sitting as the trier of fact, is in the best position to evaluate the demeanor of the witnesses, and its credibility determinations will not be disturbed on appeal absent manifest error.  *Id*.  When findings of fact are based upon a decision regarding credibility of witnesses, respect should be given to those conclusions, for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on understanding and believing what is said.  *Larremore*, *supra*; *Rosell v. ESCO*, 549 So. 2d 840 (La. 1989); *Gerhardt v. Gerhardt*, 46,463 (La. App. 2 Cir. 5/18/11), 70 So. 3d 863.

Louisiana Revised Statutes 46:2171, *et seq.*, known as the "Protection from Stalking Act," was enacted to provide a civil remedy for stalking victims against perpetrators, offering immediate and easily accessible protection. *Raymond v. Lasserre*, 22-0793 (La. App. 1 Cir. 3/6/23), 368 So. 3d 82, *writ denied*, 23-00893 (La. 10/31/23), 372 So. 3d 335. Under the Act, "stalking" means any act that would constitute the crime of stalking under La. R.S. 14:40.2 or cyberstalking under La. R.S. 14:40.3. The crime of stalking is "the intentional and repeated following or harassing of another that would cause a reasonable person to feel alarmed or to suffer distress." La. R.S. 14.40.2(A). The term "harassing" as it pertains to stalking is defined as "the repeated pattern of verbal communications or nonverbal behavior without invitation which includes but is not limited to making telephone calls, transmitting electronic mail, sending messages via a third party, or sending letters or pictures." La. R.S. 14:40.2(C)(1). The crime of cyberstalking consists of the action of any person to "electronically communicate to another repeatedly, whether or not conversation ensues, for the purpose of threatening, terrifying, or harassing any person." La. R.S. 14:40.3(B)(2).

Despite the Act's reference to the criminal stalking statutes, petitions for protection from stalking are not criminal proceedings. *Raymond*, *supra*. Rather, "the sole relevance" of the criminal stalking statutes in the context of a petition filed under the Act is "to provide the definition of stalking." *Id.* At a hearing on a protective order, a petitioner must prove the allegations by a preponderance of the evidence. *Id.*; *Head v. Robichaux*, 18-0366 (La. App. 1 Cir. 11/2/18), 265 So. 3d 813. Proof is sufficient to constitute a

preponderance of the evidence when the entirety of the evidence, both direct and circumstantial, shows that the fact sought to be proved is more probable than not. *Id.*; *Head*, *supra*; *Hanks v. Entergy Corp.*, 06-477 (La. 12/18/06), 944 So. 2d 564.

In her petition, Truelove refers to Isaacs' repeated text messages to her, Isaacs' creation of a TikTok account purporting to be Truelove's from which she posted pictures of Truelove and used to communicate to Truelove, and the incident during the custody exchange when Isaacs and a companion followed Truelove and her child while videoing them and Isaacs grabbed Truelove's arm to take her phone away when she attempted to call for help. All of these instances occurred within approximately six weeks. Truelove also referred to an incident about eight months prior in which Isaacs made verbal threats against Truelove in front of the minor child. Although no additional evidence was introduced at the protective order hearing, Truelove attested to her allegations in the petition as well as testified at the hearing that those allegations remained true and correct. Isaacs did not appear at the hearing; therefore, nothing was presented to refute Truelove's statements. There is nothing in the record that would indicate that Isaacs did not receive proper notice of the hearing; rather, she merely claimed in her appellate brief that she was late due to traffic and resultingly missed the hearing.

Truelove's allegations as enumerated in her petition, the accuracy of which was sworn to by testimony, supported a finding of stalking as defined by La. R.S. 14.40.2(A). Given that Isaacs did not file any response and failed to appear at the hearing on the protective order and Truelove's allegations remained unrefuted, Truelove met her burden of proving stalking

by a preponderance of the evidence.  The trial court was in the best position to assess the credibility of Truelove's testimony and this Court will not disturb such a determination.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS the trial court's May 16, 2024, six-month protective order granted in favor of Truelove and against Isaacs.  All costs of this appeal are to be assessed to Isaacs.

**AFFIRMED**.